UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATHEW MATHENA,

        Plaintiff,

                                        Case No. 16-cv-14502
vs.                                Hon. Mark A. Goldsmith

TARGET CORPORATION,

        Defendant.

_____/

## OPINION & ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS (Dkt. 19)

The matter is before the Court on Defendant Target Corporation's Motion to Preclude Plaintiff from Calling Witnesses or Experts and for Dismissal (Dkt. 19). A hearing on the motion was held on November 9, 2017. For the reasons that follow, the Court grants Target's motion and dismisses the case.

## I.      BACKGROUND

Plaintiff Mathew Mathena brought this case as the representative of the estate of his mother, Laura Mathena. Compl. ¶¶ 1, 2 (Dkt. 1). The complaint alleges that Laura Mathena visited a Target store in Dearborn Heights, Michigan on December 18, 2013. Id. ¶ 13. She tripped and fell on a metal rack, suffering injuries to her shoulder, back, hip, and other areas. Id. ¶¶ 18, 20. Laura Mathena then suffered infections, severe bruising, and sores in the following months. Id. ¶ 21. One day, she fell in her kitchen and completely fractured her hip, requiring immediate surgery. Id. ¶¶ 22, 23. Laura Mathena passed away within days of her surgery. Id. ¶ 24. Her son filed the instant complaint against Target in state court, alleging claims for negligence, premises

liability, and wrongful death.  Id. at 2, 6, 8.  Target timely removed the complaint to federal court.  See Notice of Removal (Dkt. 1).

Since the initial filing of the complaint, Mathena's counsel has been noticeably absent from the case.  In February 2017, Target filed a motion to compel discovery, claiming that Mathena had not provided full and complete answers to its interrogatories and requests for documents, and had canceled a noticed deposition (Dkt. 5).  Mathena did not respond to Target's motion, and the Court granted the motion to compel.  See 3/1/2017 Order (Dkt. 9).  In its order, the Court directed Mathena to respond to Target's written discovery requests and make himself available for a deposition, noting that a failure to comply may result in sanctions "up to and including dismissal of the case."  Id. at 1-2.

In July, Target filed its second motion to compel discovery (Dkt. 14).  Target claimed that Mathena had not provided contact information for certain individuals listed in his (late) Initial Disclosures; had not provided copies of the documents identified in the Initial Disclosures; and had not provided the decedent's death certificate, the decedent's social security number, or documentation regarding Medicare and Medicaid.  See Second Mot. to Compel.  Target attached several emails and letters to its motion, showing that it had spent several months trying to obtain this information from Mathena.  Mathena never filed a response to the motion, but the parties were able to agree to a stipulation that Mathena would provide the requested information, or the witnesses, documents, or related claims would be struck.  See 9/13/2017 Stipulated Order (Dkt. 21).

The deadline for Mathena to provide a lay witness list, exhibit list, and expert witness list/disclosures/report was August 17, 2017.  See 4/6/2017 Case Management and Scheduling Order (Dkt. 13).  That day came and went without any filings by Mathena.  Target then filed the

instant motion to dismiss or preclude Mathena from calling any witnesses or experts on August 28, 2017.  Mathena did not respond to the motion until the day before the hearing – November 8, 2017 – at which time he also filed an exhibit and witness list.  <u>See</u> Dkts. 25, 26.  In the meantime, both fact and expert discovery had closed.  <u>See</u> 4/6/2017 Case Management and Scheduling Order (fact discovery closed September 28, 2017 and expert discovery closed October 26, 2017).

## II.      ANALYSIS

Federal Rule 37 provides that a court may issue sanctions for failure to comply with a discovery order.  Fed. R. Civ. P. 37(b)(2)(A).  Among the sanctions permitted are "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," Fed. R. Civ. P. 37(b)(2)(A)(ii), and "dismissing the action or proceeding in whole or in part," Fed. R. Civ. P. 37(b)(2)(A)(v).

In determining whether a dismissal under Rule 37 is appropriate, the court must consider four factors: "(1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered."  <u>Roney v. Starwood Hotels</u>, 236 F.R.D. 346, 348 (E.D. Mich. 2006).  These factors are applied more stringently when an attorney's conduct is the basis for dismissal. <u>Id.</u>

### A.  Willfulness or Bad Faith

With respect to the first factor, the Sixth Circuit "has stated that dismissal of an action for an attorney's failure to comply should only be ordered where there is a clear record of delay or contumacious conduct."  <u>Harmon v. CSX Transp., Inc.</u>, 110 F.3d 364, 367 (6th Cir. 1997) (internal

quotations omitted). Here, the record supports such a finding. In the response to Target's motion to dismiss, Mathena's counsel Dewnya Bazzi informed the Court that the case had been assigned to a senior attorney at her firm, Craig Romanzi. Pl. Resp. to Mot. to Dismiss at 2 (Dkt. 25). Ms. Bazzi stated that Mr. Romanzi had told her and other attorneys that he was handling this matter when that was clearly not the case. Id. at 2-3. At the November 9, 2017 hearing, Ms. Bazzi explained that she had hired Mr. Romanzi to handle this case approximately eight months previously, as she was unfamiliar with practice in federal court. She apparently believed that all discovery matters were resolved, and only when her assistant checked the docket the day before the hearing did Ms. Bazzi realize that this was incorrect.

This is no excuse. Ms. Bazzi is listed as the lead attorney for Mathena, not Mr. Romanzi. Mr. Romanzi has not even entered an appearance in this case. Ms. Bazzi may not simply hand everything over to another attorney and proceed to neglect the case entirely. At the very least, she has a duty to verify that the litigation is proceeding on schedule. See Wagner v. Toys R Us, Inc., 114 F.R.D. 18, 19 (E.D. Mich. 1986) ("Not only is this apparent attempt to lay blame on another lawyer in one's firm distasteful, but it is simply not an excuse. Attorneys are obligated to be aware of the status of litigation under their control."). Ms. Bazzi apparently never noticed that Mr. Romanzi failed to file an appearance in this case and that he never responded to Target's various motions or discovery requests. She did not think to even check the docket until the day before the hearing.

Further, Ms. Bazzi's assertions that Mr. Romanzi was handling the entire case himself are belied by statements by Target's counsel that he dealt primarily with Ms. Bazzi, not Mr. Romanzi. The record seems to support this statement. See, e.g., March 14, 2017 E-Mail chain, Ex. C to Def. Mot. to Dismiss (Dkt. 19-4) (emails between Mark Willmarth and Dewnya Bazzi); July 25, 2017

E-mail chain, Ex. D to Def. Second Mot. to Compel (Dkt. 14-5) (email from Willmarth to Bazzi); August 21, 2017 E-mail chain, Ex. B to Def. Mot. to Dismiss (Dkt. 19-2) (emails between Willmarth and Bazzi). Regardless of the level of involvement that Ms. Bazzi had in this case, it is clear that it was not sufficient.

Ms. Bazzi told the Court at the hearing that she would now be taking over the case from Mr. Romanzi. However, Target filed a motion for summary judgment in early November (Dkt. 24), and the deadline for Mathena to respond has passed without any filing. Mathena's counsel continues to delay and to fail to engage in this case. This first factor therefore weighs in favor of dismissal.

### B. Prejudice to Target

The second factor also weighs in favor of dismissal, as Target has been prejudiced by Mathena's failure to meaningfully engage in the discovery process. Target has expended time, money, and resources in having to prepare multiple motions to compel discovery and the instant motion to dismiss, as well as in simply attempting to obtain the necessary information from Mathena without this Court's assistance. See Harmon, 110 F.3d at 368 (Defendant was "prejudiced by [Plaintiff's] failure to respond to its interrogatories" because it was "required to waste time, money, and effort in pursuit of cooperation which [Plaintiff] was legally obligated to provide.").

### C. Warnings Regarding a Failure to Cooperate

As to the third factor, this Court warned Mathena in its March 1, 2017 Order that failure to comply with the order could results in sanctions, up to and including dismissal. See 3/1/2017 Order at 1-2. Target was also clear in the instant motion that it was seeking to have this case dismissed, and Mathena had ample time to prepare a response (even though he did not file one

until the day before the hearing – 51 days late).  Mathena's counsel should also have been aware that the Federal Rules specifically provide for dismissal as a discovery sanction.  See Pinion v. Dow Chemical, U.S.A., 928 F.2d 1522, 1533 n.11 (11th Cir. 1991) ("[A]t the minimum, attorneys should be charged with knowledge of the Federal Rules of Civil Procedure.").  Mathena was adequately warned that a failure to cooperate could result in dismissal of his case.

### D.  Consideration of Less Drastic Sanctions

Finally, with respect to the fourth factor, the Court notes that it could impose lesser sanctions, such as prohibiting Mathena from introducing any expert testimony.[1]  However, Mathena's case almost certainly requires expert testimony, as he needs to prove causation.  Laura Mathena was allegedly injured at a Target store on December 18, 2013, and passed away on June 18, 2014.  Without medical expert testimony establishing that her injury six months earlier led to her death, it will be extremely difficult for Mathena to succeed on his claims.

Ms. Bazzi argued at the hearing that she listed the treating physicians as witnesses, and suggested that they could testify as experts.  However, "courts consistently hold that treating physicians ordinarily must be disclosed as expert witnesses . . . the question is whether it is sufficient to submit Rule 26(a)(2)(C) summary disclosures for treating physicians or whether they

---

[1] Ms. Bazzi requested at hearing that the Court allow her additional time to find an expert, as she believed that Mr. Romanzi had started to look for one.  The Court declines to grant this request. Ms. Bazzi had more than enough time to locate an expert and is not even close to complying with the deadline -- even if she were to file expert disclosures and a report today, she would be more than four months late.  And Ms. Bazzi had previously confirmed to counsel for Target that Mathena had not – at least at that time - retained any experts.  See March 14, 2017 E-mail chain, Ex. C to Def. Mot. to Dismiss (Dkt. 19-4) (Ms. Bazzi responds "All accurate" to Target's counsel's email stating that she "ha[d] not retained any experts at this time").  Target informed the Court that it had not hired a liability expert because it did not believe that Mathena would have one.  To now allow Mathena to hire an expert, when no good cause exists for extending the deadline by several months, would be extremely prejudicial to Target and would disrupt the entire flow of this litigation.

must submit formal expert reports under Rule 26(a)(2)(B)." Avendt v. Covidien, Inc., 314 F.R.D. 547, 556 (E.D. Mich. 2016) (quoting Federal Rules of Civil Procedure, Rules and Commentary Rule 26). Mathena has neither provided a summary disclosure pursuant to Rule 26(a)(2)(C) nor an expert report pursuant to Rule 26(a)(2)(B). His list of witnesses provides the names of 24 doctors, nothing more. See Pl. Witness & Ex. List at 2-3 (Dkt. 26). As such, any testimony from a treating physician would be limited to lay testimony only. See Avendt, 314 F.R.D. at 556 ("Treating physicians disclosed only as lay witnesses may testify only to lay facts.") (quoting Federal Rules of Civil Procedure, Rules and Commentary Rule 26). It would be a waste of time and resources for the Court and the parties if this case were to continue without the possibility of Mathena putting forth any testimony regarding the cause of Laura Mathena's death. As such, less drastic sanctions are not appropriate here.

Given that all four of the above factors favor Target, the Court finds that dismissal with prejudice pursuant to Rule 37(b) is the appropriate remedy for Mathena's continued failure to engage in discovery.

### III.    CONCLUSION

For the reasons set forth above, Defendant Target Corporation's Motion to Preclude Plaintiff from Calling Witnesses or Experts and for Dismissal (Dkt. 19) is granted. Defendant's Motion for Summary Judgment (Dkt. 24) is denied as moot. This case is dismissed with prejudice.

SO ORDERED.

Dated: January 3, 2018                     s/Mark A. Goldsmith
Detroit, Michigan                          MARK A. GOLDSMITH
                                           United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 3, 2018.

s/Karri Sandusky
Case Manager